UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MRI SOFTWARE, LLC,** | ) | **CASE NO. 1:21CV1331** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **CHURCHILL CORPORATE** | ) | **OPINION AND** |
| **SERVICES, INC.,** | ) | **ORDER OF REMAND** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant Churchill Corporate Services, Inc. removed this case from state court (Doc. 1)

and then filed a Motion for Judgment on the Pleadings (Doc. 12).  But before the Court

entertained Defendant's Motion, it issued a Show Cause Order directing Defendant to

demonstrate the Court had jurisdiction over the case.  (Doc.  15).  The Court raised the issue of

jurisdiction *sua sponte* due to a concern over the citizenship of Plaintiff MRI Software, LLC.

(*Id.*).

Defendant attempted to satisfy the Court's Order by relying on a previously filed lawsuit

involving Plaintiff.  (Doc. 16).  In his Affidavit, Defense Counsel stated that Plaintiff is owned

by a separate Delaware limited liability company called MRI Intermediate Holdings II LLC.

(*Id.*, PageID: 110, ¶¶ 6, 9).  The Court found counsel's Affidavit insufficient.  (Non-Doc. Entry,

10/26/2021).  In doing so, the Court directed counsel to the outstanding issue – the citizenship of

Plaintiff's sole member, MRI Intermediate Holdings II, LLC.  (*Id.*).

Counsel submitted a second Affidavit.  (Doc. 17).  In it, counsel details the struggle he faced from Plaintiff's counsel in answering the Court's question.  (*see generally*, *id.*). Ultimately, Defense Counsel reached an answer that he thought was satisfactory: MRI Intermediate Holdings II LLC is a Delaware limited liability company with its principal place of business in Ohio, and it is not a citizen of New Jersey.  (*Id.*, PageID: 121-22, ¶ 12).

For the same reasons counsel's initial Affidavit was insufficient, the Court finds his second Affidavit insufficient as well.  As highlighted in the Court's original Show Cause Order, a limited liability company's citizenship and a corporation's citizenship are not the same.  *Yarber v. M.J. Electric, LLC*, 824 Fed. App'x 407, 409-10 (6th Cir. Sept. 2, 2020).  Yet Defendant has opted to treat them the same, despite the Court's instructions to the contrary.

To reiterate — a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  And when a limited liability company has multiple members, it may itself have multiple citizenships that a federal court needs to know.  *Id.*; *Yarber*, 824 Fed. App'x at 409-10 ("And if a member of an LLC is another LLC, the citizenship of every member of that LLC needs to be determined"). Here, Plaintiff has one sole member – a limited liability company.  That company's citizenship is not its state of incorporation and principal place of business.  Rather, its citizenship is determined by the citizenship of its members.

Accordingly, the important information for jurisdiction purposes is the citizenship of MRI Intermediate Holdings II, LLC's members.  Yet Defendant does not provide the Court with this information, despite the Court's repeated instructions.  While it is true Plaintiff's counsel appeared to obstruct Defense Counsel's investigation into the matter, Defense counsel was searching for the incorrect information.  He sought the sole member's place of incorporation and

- 3 -

principal place of business, which is the incorrect measure of a limited liability company's citizenship.  (*See* Doc. 17-4, PageID: 147, seeking information regarding each member's citizenship, "(*i.e.*, the state where each Member is incorporated and the state where each Member has its principal place of business")).

As the removing party, Defendant bears the burden of establishing this Court's jurisdiction.  *Tennial v. Bank of America, N.A.*, 2020 WL 2530872, \*1 (6th Cir. Apr. 15, 2020) (citing *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012).  Defendant has not satisfied that burden in its three opportunities to do so.  Therefore, the Court is not satisfied that it has jurisdiction to hear this matter and **REMANDS** the case to the Cuyahoga County Court of Common Pleas for further proceedings.  Defendant's Motion for Judgment of the Pleadings is therefore **DENIED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

                       **s/ Christopher A. Boyko**
                      **CHRISTOPHER A. BOYKO**
                      **Senior United States District Judge**

**Dated: December 13, 2021**